IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ESTATE OF JOE BROWN,** | |
| Plaintiff, | Case No. 10 C 7141 |
| v. | Hon. Harry D. Leinenweber |
| **ARC MUSIC GROUP,** *et al.*, | |
| **Defendants.** | |

### MEMORANDUM OPINION AND ORDER

Before the Court are the Arc and Frederick Defendants' Motions for Attorney's Fees under the Copyright Act. The Motions are granted as to liability. Arc Defendants' Motion is denied without prejudice in regards to apportionment. Both Defendants' also moved for sanctions under 28 U.S.C. § 1927. Those Motions are denied.

### I. BACKGROUND

Plaintiff, the Estate of Joe Brown, brought an action against the following Defendants: Arc Music Group and Opus 19 Music, LLC (the "Arc Defendants"), Music Sales Corporation ("Music Sales"), Frederick Music Company and Vincent Brandom (the "Frederick Defendants"), and Katrina Music Company and Willie C. Cobbs (the "Katrina Defendants").

Plaintiff brought claims against the Arc Defendants for copyright infringement, fraud, unjust enrichment and civil conspiracy. Plaintiff also sought an accounting and a constructive trust. Plaintiff alleged that, without authority, the Arc Defendants

filed copyright registrations and collected funds for compositions owned by the Plaintiff. The Court granted the Arc Defendants' Motion to Dismiss, dismissing for failure to state a claim the copyright infringement, fraud, constructive trust, and civil conspiracy claims with prejudice in an order dated November 22, 2011. The Court dismissed the unjust enrichment and accounting claims without prejudice to allow the Plaintiff to replead those claims.

From the Frederick Defendants, Plaintiff sought to recover for copyright infringement, trademark infringement, common law fraud, and conspiracy. Plaintiff alleged that the Frederick Defendants failed to pay royalties owed to the Plaintiff under a publishing agreement. Plaintiff's Second Amended Complaint voluntarily dismissed its copyright and trademark infringement claims against the Frederick Defendants, and added claims of breach of fiduciary duty, unjust enrichment, accounting, and constructive trust. The Court granted the Frederick Defendants' Motion to Dismiss, dismissing all claims with prejudice.

The Arc and Frederick Defendants now move for attorneys' fees pursuant to the Copyright Act (17 U.S.C. § 505) and for sanctions under 28 U.S.C. § 1927. Familiarity with the Court's order of November 22, 2011 is presumed, and further facts are discussed below where relevant.

## II. ANALYSIS

### A. Attorneys' Fees Under the Copyright Act, 17 U.S.C. § 505

The Copyright Act provides that a court has discretion to award the prevailing party reasonable attorneys' fees. 17 U.S.C. § 505 (2006). For this provision, prevailing plaintiffs and defendants are treated alike. *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534 (1994). The defendant is considered the prevailing party when the action is dismissed with prejudice. *Riviera Distribs., Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir. 2007).

The Supreme Court in *Fogerty* listed four non-exclusive factors that courts use to guide their discretion regarding attorneys' fees. These factors are frivolousness, motivation, objective factual and legal unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence. *Fogerty*, 510 U.S. at 534 n. 19 (citing *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986)).

The Seventh Circuit has further streamlined the *Fogerty* factors into just two important considerations: the strength of the prevailing party's case and the amount of the relief obtained by the prevailing party. *Assessment Techs. of WI, LLC v. WIREData, Inc.*, 361 F.3d 434, 436-437 (7th Cir. 2004). When the claim is frivolous and the prevailing party is a defendant who has not otherwise obtained damages (through a counterclaim, for example), the presumption to award attorneys' fees is "compelling." *Id.*

The prevailing party entitled to attorneys' fees on a particular claim can only recover attorneys' fees in defending against that one claim or any related claims, but not for unrelated claims. *Entm't Research Grp. v. Genesis Research Grp.*, 122 F.3d 1211, 1230 (9th Cir. 1997).

### *1. Arc Defendants*

Plaintiff's copyright infringement action against the Arc Defendants centered on the following compositions: "This New Generation," "Dark Road Blues," and seventy-seven others attached in a list to the Complaint. Plaintiff alleged that the Arc Defendants filed copyright registrations, filed renewal registrations, and collected funds for these compositions without authorization.

Plaintiff's pleadings regarding "This New Generation" conceded that James Oden ("Oden") was a co-author of the composition. Oden's joint author status can be seen from Joe Brown's own copyright registration, which lists Oden as a co-author. Plaintiff's Complaint attempted to establish sole authorship by alleging that Oden was an employee at Lawn Music Co. ("Lawn"), a company Brown owned. (Brown's estate is the successor to Lawn.) Even though Plaintiff pleaded that Oden was "work for hire under Lawn," he did not allege sufficient facts in support such a relationship.

Plaintiff additionally argued that Oden's original registration was invalid because of Brown's previous original registration. However, as the Court previously found, Oden was identified as a claimant in the original registration and could, therefore, file

another registration in his own name. *See* 37 C.F.R. § 202.3(b)(11)(ii) (2006).

The Arc Defendants, as successors of Oden, could not be liable to Plaintiff for copyright infringement because each author of a joint work holds an undivided interest in it. *See* 17 U.S.C. § 201(a) (2006). The joint authors of a copyright are akin to tenants in common, and each may use or license the joint work. *Erickson v. Trinity Theatre, Inc.*, 13 F.3d 1061, 1068 (7th Cir. 1994). While joint authors cannot be liable to each other for copyright infringement, each must account to the other for a share of profits stemming from individual use or licensing. *Gaiman v. McFarlane*, 360 F.3d 644, 652 (7th Cir. 2004). However, when joint authorship is conceded, as the Court found that it was here, the "appropriate remedy is a state law suit for accounting of profits." *Estate of Joe Brown v. Arc Music Grp.*, 830 F.Supp.2d 501, 517 (N.D. Ill. 2011) (citing *Gaiman*, 360 F.3d at 652). Plaintiff did not allege sufficient facts to provide the Arc Defendants with notice of a state law accounting claim based on co-ownership. The Court granted leave to the Plaintiff to replead an accounting action under a copyright co-ownership theory within thirty days of the Order. However, Plaintiff did not do so.

With respect to "Dark Road Blues," Plaintiff's pleadings again conceded that Brown co-authored the work, in this case with songwriter Floyd Jones ("Jones"). Brown filed a copyright registration for this composition in 1961 that listed Brown and Jones

as claimants. Plaintiff again tried to establish sole ownership of the composition by alleging that Jones, in 1953, and Metric Music Company, in 1970, assigned Brown their interest in a composition called "On the Road Again." "On the Road Again" was a separate work from "Dark Road Blues," so neither of these assignments would have given Brown sole authorship rights in "Dark Road Blues."

The Arc Defendants, as successors of Jones, could not be sued for copyright infringement by Plaintiff as the co-author of "Dark Road Blues." Again, however, leave was granted to replead accounting actions, which was not done.

With respect the additional seventy-seven works attached to its Complaint, Plaintiff failed to attach any copyright registration certificates or even plead that these compositions had been registered by Plaintiff. Plaintiff also failed to even allege that it owned the copyrights to those songs. The Court held that without alleging any of this information, Plaintiff failed to state a copyright claim because Copyright registration is a well-known statutory prerequisite to filing a suit under the Copyright Act. 17 U.S.C. § 411(a) (2006). Plaintiff also could not have credibly brought the infringement action without being the copyright owner of the listed songs. See 17 U.S.C. § 501(b)(2006).

As noted above, the presumption for awarding attorneys fees to the prevailing party in a frivolous action who otherwise receives no damages is very strong in the Seventh Circuit. Here, the presumption was not rebutted as the Arc Defendant's defense was exceedingly

strong.  For "This New Generation" and "Dark Road Blues," Plaintiff alleged copyright infringement against a co-author of the compositions, a recognized impossibility.  For the listed works, Plaintiff alleged copyright infringement without first establishing copyright ownership or satisfying the registration prerequisite for infringement actions.

It should have been apparent to Plaintiff that the infringement action was without merit.  *See Budget Cinema, Inc. v. Watertower Assocs., et al.*, 81 F.3d 729, 732-733 (7th Cir. 1996) (reversing district court's denial of attorney fees when plaintiff filed infringement action before finalizing ownership interest and before effective date of copyright registration but still sought statutory damages and attorneys' fees).  If *Watertower* decrees that merely jumping the gun on ownership and registration merits attorney's fees, then filing infringement counts against an admitted co-author for some works and failing to even allege ownership in other works must merit them as well.  Accordingly, the Arc Defendants' Motion for Attorneys' Fees is granted as to liability in defending the infringement action.

In addition to copyright infringement, Plaintiff's claims against the Arc Defendants also included breach of a fiduciary duty, fraud, and civil conspiracy.  The Arc Defendants contend they are entitled to attorneys fees for these dismissed counts as well.  For Plaintiff's fraud, constructive trust, and civil conspiracy claims to be sufficiently related to the copyright infringement claim, (and

- 7 -

thus merit attorneys' fees under § 505) the claims must have arisen out of a "common core of facts" or "related legal theories." *Ustrak v. Fairman*, 851 F.2d 983, 988 (7th Cir. 1988).

The fiduciary duty, fraud and civil conspiracy counts were based on the allegations that the Arc Defendants filed copyright registrations for the Plaintiff's compositions without authorization. Because this was the same course of alleged conduct that gave rise to Plaintiff's copyright infringement action, the Arc Defendants are entitled to fees for defending these counts as well.

The Arc Defendants concede they are not entitled to fees for the accounting and unjust enrichment counts that were dismissed without prejudice. Accordingly, The Arc Defendants requested $100,000, representing 72% of its actual fees and expenses totaling $138,936.33. The Arc Defendants give little information regarding how they arrived at this figure and must show where it comes from by submitting detailed original time records and billing statements. This Court has the discretion to ask the Arc Defendants to submit such materials, instead of relying exclusively on their declaration. *See Entm't Research Grp.*, 122 F.3d at 1230-31 (holding that district court abused its discretion in relying exclusively on the declaration of the party requesting attorneys' fee to segregate time spent on each claim) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)).

The Court recognizes that billing records for briefs might not indicate how much time was spent writing the accounting issue

sections versus the infringement issues sections. If the Arc Defendants are unable or unwilling to engage such hair-splitting, the Court is prepared to award Arc Defendants 50 percent of their fees, in recognition of the fact that the case was bifurcated along a line between the meritless infringement issues and the potentially meritorious accounting issues. In any event, as the Arc Defendants note, they must still submit documentation demonstrating the reasonableness of their fees.

### 2. *Frederick Defendants*

Plaintiff's copyright infringement action against the Frederick Defendants arose from a publishing agreement, where Plaintiff granted sole and exclusive publication rights, and the rights to grant mechanical licenses in exchange for half of royalties received. Plaintiff alleged that the Frederick Defendants failed to pay royalties subject to this publishing agreement since 1976.

In the Second Amended Complaint, Plaintiff voluntarily dismissed its copyright claims against the Frederick Defendants. The Frederick Defendants, therefore, prevailed for the purposes of 17 U.S.C. § 505 when Plaintiff voluntarily dismissed its copyright claim with prejudice. *See Riviera Distribs.*, 517 F.3d at 928. Thus, the Frederick Defendants are also presumptively entitled to attorneys' fees, especially after looking at the strength of the Frederick Defendants' defense, which revolved around the statute of limitations.

The statute of limitations under the Copyright Act in this instance began to run when the royalty payments stopped, and prescribed a three-year window in which Plaintiff needed to bring its action. *See* 17 U.S.C. § 507(b) (2006). Furthermore, the Frederick Defendants assigned all of their rights and interests to Music Sales Corporation on July 1, 1996. This assignment included the responsibility to make royalty payments to writers and composers, relieving the Frederick Defendants of their royalty obligation to the Plaintiff. Because Plaintiff had far exceeded the statute of limitations for a copyright claim, the Frederick Defendants' defense strengthens the presumption entitling them to attorneys' fees. *See Bridgeport Music, Inc. v. Lorenzo*, 255 F.Supp.2d 795, 799 (M.D. Tenn. 2003) (awarding attorneys' fees when plaintiff brought claim outside of the statute of limitations). Accordingly, the Frederick Defendants' Motion for Attorneys' Fees pursuant to the Copyright Act is granted.

In addition to its copyright infringement claim against the Frederick Defendants, Plaintiff also brought claims for trademark infringement, fraud, conspiracy, breach of fiduciary duty, unjust enrichment, accounting, and constructive trust. The trademark infringement claim was voluntary dismissed with prejudice in the Second Amended Complaint, and the remaining claims were dismissed with prejudice in the November 22 order. These claims were also based on the publishing agreement between Plaintiff and the Frederick Defendants. The publishing agreement and the Frederick Defendants'

failure to pay royalties were part of the common core of facts that also gave rise to the copyright infringement claim. Accordingly, because these claims were sufficiently related to the copyright infringement claim, and were equally outside of the statute of limitations and without merit, the Frederick Defendants do not need to apportion the time spent on defense of these claims. However, they must still submit a motion demonstrating the reasonableness of the attorney's fees with attachments documenting billing and time records.

### B.  Sanctions Under 28 U.S.C. § 1927

The Arc and Frederick Defendants both filed Motions for attorney's fees and costs pursuant to 28 U.S.C. § 1927, alleging that Plaintiff's motion to reconsider the Court's November 22, 2011 Memorandum Opinion and Order dismissing Plaintiff's Second Amended Complaint unnecessarily, unreasonably, and vexatiously multiplied the proceedings in this action.

An award under Section 1927 must be supported by a finding of bad faith: vexatiousness has been defined as either subjective or objective bad faith. *Kotsilieris v. Chambers*, 966 F.2d 1181, 1184 (7th Cir. 1992). But *Kotsilieris* made clear that even objectively unreasonable conduct does not, alone, equate to vexatiousness. *Kotsilieris*, 966 F.2d at 1184.

The Court agrees that Plaintiff's motion to reconsider was objectively unreasonable because it largely rehashed the issues of the motion to dismiss without reference to new facts or manifest

errors of law, which is required in a motion for reconsideration. *Caisse Nationale de Credit Agricole v. CBA Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). As *Kotsilieris* notes, however, objectively unreasonable actions, alone, do not satisfy the vexatiousness requirement. Accordingly, Defendants' Motions for Attorneys' Fees and Costs pursuant to 28 U.S.C. § 1927 is denied.

### IV. CONCLUSION

For the reasons stated herein, the Defendants' Motions for Sanctions under 28 U.S.C. § 1927 are denied. The Frederick Defendants' Motion for Attorney's Fees under the Copyright Act is granted as to liability. The Arc Defendants Motion for Attorney's Fees is granted as to liability, but denied without prejudice as to apportionment. The Arc Defendants must demonstrate proper apportionment between the infringement-related claims and the accounting-related claims. Alternatively, the Arc Defendants may submit a motion for 50 percent of their fees, which will be granted. Both the Frederick and Arc Defendants are to submit filings with the necessary documentation demonstrating the reasonableness of the fees to which they are entitled. The filings are due within thirty (30) days of entry of this order. Plaintiff has fourteen (14) days from that point to lodge any objections to reasonableness of the fees.

**IT IS SO ORDERED.**

	Harry D. Leinenweber, Judge
	United States District Court

**DATE:** 8/17/2012